ADAM PAUL LAXALT
Attorney General
JAMIE J. RESCH
Senior Deputy Attorney General
Nevada Bar No. 7154
Office of the Attorney General
Special Prosecutions Division
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101-1068
P: (702) 486-3783
F: (702) 486-2377
JResch@ag.nv.gov
Attorneys for Respondents

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BEJARANO, | 2:98-cv-1016-GMN-NJK |
| Petitioner, | **RESPONSE TO ORDER GRANTING LIMITED REMAND** |
| vs. | |
| RENEE BAKER, et. al., | **(Death Penalty Case)** |
| Respondents. | |

Respondents, through legal counsel, Attorney General, ADAM PAUL LAXALT, by Senior Deputy Attorney General Jamie J. Resch, hereby respond to this Court's order requesting briefing concerning the two issues which are the subject of the Ninth Circuit's Order Granting Limited Remand. See 11-99000, Order dated December 1, 2014 (DktEntry: 40).

I.

**PROCEDURAL STATUS OF CASE**

Reference is made to this Court's order denying habeas corpus relief, which further outlines the procedural history of this case. ECF No. 162, p. 3. To recap, in 1988, Bejarano was found guilty of murder and other crimes in state court and sentenced to death. Later that year, the Nevada Supreme Court denied Bejarano's direct appeal.

In 1989, Bejarano filed a state court petition for post-conviction relief with the assistance of counsel. Bejarano received an evidentiary hearing but was denied relief. In 1990, the Nevada Supreme Court affirmed the denial of post-conviction relief.

In 1991, Bejarano instituted federal habeas proceedings, but that petition was dismissed to allow for another state court post-conviction petition to be filed. In 1992, Bejarano filed a second state court petition. Most claims therein were found to be procedurally barred. In 1996, the Nevada Supreme Court affirmed that denial of relief.

In 1998, this Court received the petition which initiated the present action. That petition was stayed in 2003. Bejarano then returned to state court to file a third post-conviction petition. In 2004, the state court found that post-conviction petition was untimely. In 2006, that decision was affirmed by the Nevada Supreme Court. In 2007, the instant federal case was reopened and litigated until the matter was decided on the merits in 2010. ECF No. 162.

Bejarano then appealed to the Ninth Circuit Court of Appeals. The case has been fully briefed since April of 2012. However, on March 20, 2012, the United States Supreme Court decided the case of Martinez v. Ryan, 132 S.Ct. 1309 (2012). In July 2012, Bejarano moved the Ninth Circuit for an order remanding the case to the District Court for purposes of applying Martinez – something that obviously could not have happened prior.

On December 1, 2014, the Ninth Circuit granted Bejarano's motion and remanded the case to this Court for further proceedings. Specific instructions were provided, as outlined in this Court's order, to respond to two questions. ECF No. 177. This Court is supposed to consider the effect of Martinez on the dismissal of Bejarano's ineffective assistance of appellate counsel claims which this Court previously dismissed as untimely, and the effect on this Court's dismissal of Bejarano's ineffective assistance of counsel claim at the time of sentencing, which was previously denied on the merits.

## II.

## POINTS AND AUTHORITIES

While a more specific response to the Ninth Circuit's specific questions is provided, the short answer to both questions simply is that Martinez is not some broad-spectrum antibiotic, standing by to be administered anytime a habeas petition faces the malady of a procedural defense. Rather, Martinez provides a specific remedy to a specific problem – a means for a habeas petitioner to overcome a procedural default of an ineffective assistance of trial

-2-

counsel claim via a sufficient showing of error. Although the Ninth Circuit has attempted to extend that rationale to ineffective assistance of appellate counsel claims, further expansion has yet to occur and there are good reasons to refrain from doing so. <u>Nguyen v. Curry</u>, 736 F.3d 1287 (9th Cir. 2013). But the core problem for Bejarano is that none of the claims at issue were defaulted in federal court: his appellate counsel claims were untimely under AEDPA and his ineffective assistance at sentencing claim was denied on the merits. Based on those facts, <u>Martinez</u> offers no remedy and is irrelevant to the questions presented.

**A.    Intervening Law Does Not Warrant Reconsideration Of Bejarano's Ineffective Assistance Of Appellate Counsel Claims.**

First, the Ninth Circuit asked this Court to consider how <u>Martinez</u> and/or <u>Nguyen</u> might apply to the "Petitioner's appellate ineffective assistance of counsel claims." The Ninth Circuit made specific reference to this Court's order of September 26, 2008. See ECF No. 136, p. 15. There, this Court dismissed three claims of ineffective assistance of appellate counsel as untimely under 28 U.S.C. §2244(d).

This Court went further in describing the state of the pleadings by Bejarano by noting Bejarano's only timely petition contained a single claim of ineffective assistance of appellate counsel and it was that counsel was ineffective for only raising one issue on direct appeal. In the amended federal petition, that claim was deleted and replaced by a three-part claim that did not include that original claim but rather three new claims concerning appellate counsel. ECF No. 136, p. 15.

It is imperative to delve deeper into the pleadings in this case because the cursory presentation of these claims was a key reason they were dismissed. In the original 1998 petition, the only claim of ineffective assistance of appellate counsel was Ground 43. After decrying the fact that appellate counsel only raised one search and seizure-based claim, the entirety of the "claim" portion of Ground 43 reads as follows: "Petitioner asserts that Ms. McKenna provided ineffective assistance of counsel for not raising the many other remaining issues." Petition filed July 13, 1998, pp. 70-71 (See also EOR 7007-7008). To be sure, the viability of Ground 43 as a claim is questionable in the first instance, as it neither alleges what

appellate counsel should have done nor alleges that the result of the proceeding would have been different had appellate counsel raised "many other" issues on direct appeal.

Bejarano refined his appellate counsel claims in his amended petition. Ground Five of the amended petition filed in 2007 contained three expanded subparts, none of which had anything to do with the original claim outlined above. See ECF No. 106, pp. 153-156. As a result, this court was compelled to dismiss the 2007 version of the ineffective assistance of appellate counsel claim under Mayle v. Felix, 545 U.S. 644 (2005). ECF No. 136, p. 15.

These time-barred ineffective assistance of appellate counsel claims are not subject to the provisions of Martinez, which governs procedural default of ineffective assistance of trial counsel claims.

**1.    The limiting language used in the Martinez decision makes clear that it does not apply to Bejarano's ineffective assistance of appellate counsel claims.**

On March 20, 2012, the United States Supreme Court decided Martinez v. Ryan, 132 S.Ct. 1309 (2012), and held as an equitable matter that where, under state law, ineffective-assistance-of-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. In determining whether counsel in the initial-review collateral proceeding was ineffective for failing to raise a claim, the standard is that found in Strickland v. Washington, 466 U.S. 668 (1984). Additionally, to overcome the default for failing to present the claim, the petitioner must also demonstrate that the underlying ineffective-assistance-of-counsel claim is substantial. Martinez, 132 S.Ct. at 1318.

Martinez, by its own terms, applies only to ineffective-assistance-of-trial-counsel claims. Id. at 1311–12. Martinez is also limited by its own express terms, to "initial-review collateral proceedings," which the Supreme Court defined as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." Id. at 1315.

At least three circuit courts of appeals agree that, based on the plain language contained within the Martinez decision, the same only applies to claims concerning ineffective

assistance of trial counsel. Reed v. Stephens, 739 F.3d 753, 778 n. 16 (5th Cir. 2014) (listing cases and noting a circuit split on the issue).

As a basic proposition, Martinez cannot apply to Bejarano's time-barred ineffective assistance of appellate counsel claims because they involve neither claims relating to trial counsel nor claims that were procedurally defaulted. At its core, Martinez provides a means to overcome a procedural default. No known court has expanded Martinez to allow a petitioner to overcome AEDPA's time bar, and several courts have rejected the concept. Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) (holding that Martinez "does not apply to AEDPA's limitations period in §2254 cases or any potential tolling of that period"); Cabeza v. Griffin, 2014 WL 3695114 (E.D.N.Y. 2014) (listing cases rejecting Martinez's application to AEDPA's time bar and denying a certificate of appealability on the issue). Here, Bejarano's claims concerning appellate counsel were not procedurally defaulted but rather were time-barred. As a result, nothing in Martinez has any applicability to those claims.

By its own plain language, Martinez also does not apply to claims that appellate counsel was ineffective. In Ha Van Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013), the Ninth Circuit purported to extend Martinez to encompass claims of ineffective assistance of appellate counsel. While the soundness of that decision is explored below, nothing in Nguyen purported to extend Martinez beyond claims that were defaulted. See Nguyen, 736 F.3d at 1292 (noting that Martinez relaxed the "cause-and-prejudice standard for excuse from procedural default in a narrow category of cases"). Neither Martinez nor Nguyen provide any relief to petitioners whose claims were time-barred, regardless of whether the untimely claims pertain to trial or appellate counsel.

**2. The Nguyen decision conflicts with Martinez as well as with the Ninth Circuit's previous decision in Hunton v. Sinclair.**

By extending Martinez beyond the natural limits of that decision, and by creating a circuit split on the issue, the Nguyen decision violates the holding of Martinez and was therefore wrongly decided.

///

1  This contention should serve to reserve the issue for further review even if this Court is bound
2  to follow Nguyen. See Hart v. Massanari, 266 F.3d 1155, 1175 (9th Cir. 2001).

3  However, there is more than mere preservation of error at issue with the Nguyen
4  decision. Before Nguyen, the Ninth Circuit decided Hunton v. Sinclair, 732 F.3d 1124 (9th
5  Cir. 2013). In Hunton, the Ninth Circuit rejected the very argument Nguyen later accepted, in
6  that the court refused to extend Martinez beyond claims pertaining to ineffectiveness by "trial
7  counsel." Hunton, 732 F.3d at 1126-27. The majority panel in Hunton described the effort to
8  expand Martinez as "not surprising," but also "not sufficient to allow us to move those
9  barriers." Id. at 1127.

10  The "birthright" of Nguyen is important because "when a subsequent three-judge panel
11  opinion conflicts with the opinion of an earlier three-judge panel, it is the earlier decision that
12  controls." Posey v. Harrington, 2014 WL 1289604 (C.D. Cal. 2014), citing Avagyan v. Holder,
13  646 F.3d 672, 677 (9th Cir. 2011). Here, Hunton predates Nguyen. Thus, Hunton should
14  inform and control this court's application of Martinez, and Hunton expressly declined to
15  extend Martinez beyond the limited circumstance set forth therein by the Supreme Court.

16  As a result, this court arguably is asked to follow two binding decisions that reach
17  opposite conclusions regarding the issue at hand. In such a case, this Court should follow the
18  earlier decision, which is Hunton, and conclude that Martinez is limited exclusively to claims
19  concerning the effectiveness of trial counsel.

20  **3.  Reconsideration of Ground Five based on Martinez would violate AEDPA's ban on successive petitions and/or be futile.**

22  The Ninth Circuit has also recently decided that an attempt to apply Martinez after a
23  district court has decided a petition violates AEDPA's prohibition against filing a successive
24  petition contained in 28 U.S.C. §2244(b). See Jones v. Ryan, 733 F.3d 825 (9th Cir. 2013).
25  Specifically, claims arising under Martinez do not seek to vindicate a "defect in the integrity of
26  the federal habeas proceedings" but instead are characterized as a second request to have
27  the merits decided favorably. Id. at 836. Under Jones, the Martinez decision cannot be
28  applied to claims this Court has previously dismissed. See also Barroca v. Sanders, 2012 WL

5350258, 3-4 (N.D. Cal. 2012) (once District Court judgment is appealed, petitioner faces "high hurdle" in seeking to reopen the judgment).

Alternatively, reconsideration of the dismissal of Bejarano's ineffective assistance of appellate counsel claims is appropriate because reconsideration would lead to no different result.  As explained herein, Ground Five was time-barred in its entirety.  Because there was no default in the state court proceedings that caused the federal court to dismiss the claims on procedural grounds, there is nothing to reconsider in the first instance.  Hinds Investments L.P. v. Team Enterprises, Inc., 2010 WL 2720916 (E.D. Cal. 2010) (noting disinclination to reconsider decision even upon limited remand where requested relief was futile).

### 4.  Attempting to apply Martinez to Bejarano's untimely claims is futile and cannot lead to relief.

Notwithstanding the aforementioned discussion, any attempt to apply Martinez to Bejarano's ineffective assistance of appellate counsel claims (Ground Five) is flawed and cannot lead to relief.

Aside from the issues previously noted, the only time Martinez applies is to the "first proceeding" at which the petitioner could raise his ineffectiveness claim.  Trevino v. Thaler, 133 S.Ct. 1911, 1922 (2013). Nothing contained in Nguyen extends that rationale beyond the petitioner's first opportunity to raise an ineffective assistance of appellate counsel claim.  In Nevada, that first instance to raise any variety of ineffective assistance of counsel claim is the petitioner's post-conviction petition.  Brown v. McDaniel, 331 P.3d 867, 872 n. 4, __ Nev. __ ( 2014).

In Bejarano's case, the first opportunity to vindicate ineffectiveness claims of any variety was during his first post-conviction proceeding.  See Respondents' Exhibit "E and/or EOR 5792-5800.  It would not appear that *any* claims of ineffective assistance of appellate counsel were raised therein.  Presumably, Bejarano will contend that was due to the ineffectiveness of counsel during that post-conviction proceeding.  However, this argument must fail because a procedural default in federal court must necessarily first follow a finding in

///

-7-

state court that a claim was procedurally barred, and there is no such finding in the present case.

Moreover, Bejarano did not raise the ineffective assistance of appellate counsel claims in his timely federal petition either. The first time they appear is the amended petition filed in 2007. ECF No. 106. Even if the untimeliness of those claims under AEDPA could somehow be put aside, and the problems with applying Martinez/Nguyen ignored, Bejarano would still not be entitled to have those claims reconsidered as he cannot meet any of the other requirements of Martinez.

Further, a petitioner is only ever entitled to relief under Martinez where the claim of ineffectiveness is a "substantial" claim, i.e. where the failure to present the claim is due either to no counsel or ineffective counsel during the state collateral review proceeding, where the proceeding at issue is the "initial" proceeding for such review, and where state law requires the claim be raised for the first time on collateral review. See Nguyen, 736 F.3d at 1293.

Thus, under Martinez, Bejarano must also demonstrate that his claims (Ground Five) are substantial and that the failure to present them during collateral review was the result of ineffective assistance of post-conviction counsel. Bejarano has not done so to date, although he will presumably attempt to do so in his points and authorities concerning the limited remand. But to do so, Bejarano must demonstrate not just that post-conviction counsel was ineffective under the requirements set forth in Strickland, but also that appellate counsel was also similarly ineffective. Lopez v. Ryan, 678 F.3d 1131, 1138 (9th Cir. 2012).

It seems unlikely Bejarano could make the required showing. In Ground 5(A), Bejarano contends his appellate counsel had a conflict of interest due to the Washoe County Public Defender's office having previously represented two of the state's witnesses. Even assuming those facts to be true, there is no assurance the Nevada Supreme Court would have granted relief had post-conviction counsel raised this claim. Bryant v. State, 2014 WL 7118464 (Nev. 2014).[1] In Bryant, a petitioner alleged the public defender's office had a conflict of interest due to having previously represented a witness. The Nevada Supreme Court denied relief,

---

[1] While unpublished and not precedent, the decision provides valuable insight into how Bejarano's similar claim could be viewed by the state courts had it been presented.

-8-

noting that there was no conflict particularly where no privileged information was used and the cases did not arise from the same set of facts.

Indeed, the United States Supreme Court has only ever found a conflict of interest in cases where there was multiple representation of parties with active, conflicting interests. Cuyler v. Sullivan, 446 U.S. 335 (1980). In Bejarano's case, the allegation is that witnesses had been represented by the public defender on other cases at some prior point in time. Such an allegation is insufficient to demonstrate ineffectiveness thus rendering the claim insubstantial. Likewise, Bejarano cannot demonstrate prejudice because the Nevada Supreme Court has previously rejected a similar claim.

For those same reasons, Bejarano also cannot show cause and prejudice for post-conviction counsel's failure to raise this claim because raising it would have been a waste of time. Post-conviction counsel raised several other claims including multiple claims that trial counsel was ineffective. It was for post-conviction counsel to narrow the claims presented and attempt to find the most meritorious ones. Neither appellate nor post-conviction counsel was ineffective in failing to present Ground 5(A) and Martinez therefore provides no relief.

In Ground 5(B), Bejarano challenges appellate counsel's failure to challenge the dismissal of a juror by the court. The record makes it clear this claim would have gone nowhere if raised because the same facts *were* raised by post-conviction counsel as a claim of ineffective assistance of trial counsel. In addressing that claim on the merits following an evidentiary hearing, the trial court found it "would have been frivolous for counsel to object to their excusal in light of the views which they expressed." Exhibit G, p. 4 and/or EOR 144. If it was "frivolous" for trial counsel to have objected to the dismissal of the jurors, it likewise was frivolous for appellate counsel to do so. Therefore, because this claim is insubstantial Bejarano has failed to make the requisite showing of cause and prejudice.

Ground 5(C) is a catchall claim that appellate counsel should have raised the "meritorious" issues presented in the federal petition. The record shows that this claim has no merit as well because the federal petition had no meritorious issues – they were all eventually denied for one reason or another by this court. In addition, this claim fails to meet the

Strickland standard as a general proposition since it contains no detail as to what counsel should have done, or how the result of the proceeding would have been different. A "general allegation" that counsel did not do a good job necessarily fails under Strickland. Wood v. Ryan, 693 F.3d 1104, 1120 (9th Cir. 2012).

This analysis is admittedly academic, for even if Bejarano could show that appellate counsel and post-conviction counsel were ineffective, he cannot overcome the fact that his claims were time-barred and not procedurally defaulted. Still, even if Martinez could provide him some hypothetical relief, he is not entitled to any because he fails to meet the requirements under Martinez.

**5.     Nguyen does not provide Bejarano any relief.**

While the order of limited remand seems focused on overcoming any alleged default by post-conviction counsel, the last part of the Nguyen decision discusses Mayle. Though the Martinez portions of Nguyen are not relevant for the reasons stated herein, the Mayle discussion at least bears comment as Bejarano's appellate counsel claims were in fact time-barred under that authority.

The Nguyen court focused on relation-back of claims across different types of claims, finding that due process and ineffective assistance of counsel claims could relate back to one another so long as they related to a core of common facts. Nguyen, 736 F.3d at 1297. In that sense, the decision conflicts with the earlier-in-time decision in Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012). Like Hunton, it is suggested that in cases where published Ninth Circuit cases conflict, the earlier in time case should be found to be controlling. Gonzales v. Ryan, 2014 WL 4476588, 7 (D. Ariz. 2014).

However, the debated issue in those cases is not present here, as this Court already found that Bejarano's claims in Ground Five did not relate back to a "common core of operative facts" in the original, timely petition. ECF No. 136, p. 15 and/or EOR 67. In that sense, this court already correctly applied Mayle, and nothing about the Nguyen decision alters that analysis. Because this court correctly applied Mayle and by extension Nguyen, there is no basis to reconsider this Court's dismissal of Ground Five as untimely.

**B.  Intervening Law Does Not Warrant Reconsideration Of Bejarano's Claim Concerning Ineffective Assistance Of Counsel During The Penalty Phase.**

In the other issue on limited remand, the Ninth Circuit asked this Court to consider the effect of recent cases (most of which arise from Martinez) on this Court's decision to deny Bejarano's penalty phase ineffectiveness claim.  In brief history, Bejarano has challenged the effectiveness of his penalty hearing since his earliest opportunity to do so.  In his first state court post-conviction petition, Bejarano alleged that the failure to present "any mitigating evidence" during the penalty hearing was "ineffective assistance of counsel."  Exhibit E, p. 8 and/or EOR 5799.  Bejarano was granted an evidentiary hearing in state court on exactly that topic and the claim was denied.  Specifically, the trial court held that so-called helpful witnesses were either "unwilling to testify on his behalf or would have made him appear worse to the jury."  Exhibit G, p. 5 and/or EOR 145.

Bejarano appealed that decision to the Nevada Supreme Court, though he neglected to include that particular issue.  Still, the Nevada Supreme Court reached the question of whether penalty phase counsel was ineffective on its own accord, and concluded that counsel was not where the evidence "may have inflamed the jury even more."  Exhibit K, p. 4 and/or EOR 140.

Bejarano filed a second state court post-conviction petition in 1992.  That petition and the claims therein were found to be procedurally defaulted, and Bejarano's claims of ineffective assistance of counsel were found to have been "previously raised."  Exhibit P, p. 3 and/or EOR 135.  Bejarano attempted to assert that his first post-conviction counsel, Mr. Norberg, did a suboptimal job.  However, the trial court found that assertion "hypothetical and speculative" and that Mr. Norberg was not ineffective.  Exhibit P, p. 4 and/or EOR 136.  That result was affirmed by the Nevada Supreme Court on appeal.  Exhibit X and/or EOR 121.

By the time Bejarano got to federal court, his able and well-funded federal attorneys sought to introduce extensive mitigation evidence that trial counsel allegedly neglected, including "juvenile records, mental health evaluations, drug treatment records, incarceration records, various correspondence, deposition of former counsel, and written declarations from

family members and other individuals familiar with Bejarano." ECF No. 157, p. 4. In evaluating the request for an evidentiary hearing, this Court noted that "[b]y Bejarano's own admission, the information necessary to factually develop the relevant claims was available at the time of his first post-conviction proceeding." ECF No. 157, p. 9. Because Bejarano did not present the evidence during the first proceeding when he was granted an evidentiary hearing, but instead waited until his second post-conviction proceeding, Bejarano "contributed to the absence of a full and fair adjudication in state court" and thus was barred from receiving an evidentiary hearing in federal court. ECF No. 157, p. 9.

This Court went on to deny Bejarano's penalty phase claim on the merits. First, this Court noted it could not consider Bejarano's proffered evidence in evaluating the claim because Bejarano was not entitled to an evidentiary hearing. ECF No. 162, p. 24. However, this Court alternatively held that if the allegations were considered, they were insufficient to grant relief as Bejarano's upbringing simply was not as "nightmarish" as cases where relief had been granted on a similar claim. ECF No. 162, p. 24. Likewise, allegations concerning potential mental health issues were two-sided and did not clearly favor mitigation over any potential aggravation, such as the fact Bejarano was likely "not curable." ECF No. 162, p. 25. Likewise, testimony about intelligence would not have helped due to "substantial discrepancies" in Bejarano's IQ scores. ECF No. 162, p. 26. Finally, while Bejarano proffered some potentially helpful character witnesses, this Court found they would have "barely altered" the picture of Bejarano before the jury. ECF No. 162, p. 27.

1. **Nothing about Martinez applies to this issue because Bejarano's penalty phase claim was not procedurally defaulted.**

As with the first issue on remand, Martinez provides Bejarano no relief because it is limited to a means of overcoming a procedural default, and this claim was not defaulted. To be sure, there was a state court procedural bar imposed when Bejarano attempted to make a second presentation of an ineffectiveness claim relating to the penalty phase of his trial. However, that state procedural bar did not lead to a federal court default, as it was based on a likely-inadequate state court ground.

It is beyond dispute that Bejarano's penalty phase ineffectiveness claim was heard and denied on the merits by the federal court. ECF No. 162.

While Bejarano's arguments as to this issue appear intentionally opaque, it appears he is contending that his first post-conviction counsel failed to present all facets of the ineffective assistance of penalty phase counsel claim to the state court during the evidentiary hearing, and that in so doing, there was a default in state court which has been carried over into federal court in the form of Bejarano being "defaulted" from having an evidentiary hearing. The order remanding this case also appears to also ask that question, as it focuses on two cases that allowed evidentiary hearings in connection with Martinez claims.

Bejarano's theory cannot stand, as it improperly conflates the Martinez standards for overcoming a procedural default with the statutory requirements for receiving an evidentiary hearing under AEDPA. The cases cited by the Ninth Circuit in its remand order, Woods v. Sinclair, 764 F.3d 1109 (9th Cir. 2014) and Dickens v. Ryan, 740 F.3d 1302 (9th Cir. 2014), simply do not extend the Martinez exception to requests for an evidentiary hearing. In fact, several other courts have expressly rejected such an extension. The Ninth Circuit has not expanded Martinez to cover a lawyer's "failure to develop" a claim and doing so would not make sense under existing Supreme Court precedent.

  **2.**  **Woods and Dickens applied Martinez to claims that were procedurally defaulted and have no bearing on Bejarano's non-defaulted penalty phase claim.**

In Woods, a petitioner in a federal habeas case raised "a number" of ineffective assistance of counsel claims that were found to be procedurally barred by the federal district court. Woods, 764 F.3d at 1131. The Ninth Circuit found that Martinez could potentially apply to overcome the default of at least one of those claims, and thus remanded the case to the district court for consideration of the Martinez issues. In a footnote, the panel noted its belief that the petitioner could introduce "extra-record evidence to establish cause and prejudice" as part of the Martinez analysis. See Woods, 764 F.3d at 1138 n. 16.

The Woods court also noted the Ninth Circuit's prior decision in Dickens. There, a petitioner claimed in state court that his sentencing counsel was ineffective by failing to direct

the work of a psychologist and by not investigating the petitioner's background. <u>Dickens</u>, 740 F.3d at 1317. In federal court, the petitioner changed the claim to include allegations of previously undiscovered organic brain damage. <u>Id</u>. The state argued the brain damage claim was procedurally defaulted and the district court agreed. On appeal, the state argued the petitioner "failed to exhaust the 'new' IAC claim, rendering it procedurally defaulted." <u>Id</u>. at 1318, see also <u>Id</u>. at 1321 (finding that because the brain damage claim was new it was "procedurally defaulted (thus technically exhausted)"). The court in <u>Dickens</u> ultimately held that where the new claim was procedurally defaulted, <u>Martinez</u> could provide a means to overcome the default. <u>Id</u>. The court went on, however, to clarify that nothing about <u>Martinez</u> alters previous Supreme Court precedent that attributes "fault" for a failure to develop a claim by counsel for purposes of 28 U.S.C. §2254(e) to the petitioner. <u>Dickens</u>, 740 F.3d at 1321 (noting that any such restriction would not apply to a request for an evidentiary hearing for purposes of seeking relief under <u>Martinez</u>).

Despite certain facial similarities, Bejarano's case does not fall within the limits established by <u>Woods</u> and <u>Dickens</u>. First, no procedural default was imposed on Bejarano by the federal court as to his penalty phase claim. In fact, this Court expressly declined to impose any default as to the penalty phase ineffectiveness claim. See ECF No. 136, p. 29 and/or EOR 81. That same order also noted that Bejarano's penalty phase claim was not fundamentally altered from what was presented to the Nevada Supreme Court. ECF No. 136, p. 21 and/or EOR 73. Where the petitioners in <u>Woods</u> and <u>Dickens</u> found their federal claims procedurally defaulted, Bejarano enjoyed no such restriction. In fact, he actually had his penalty phase ineffectiveness claim heard and decided on the merits.

Second, <u>Dickens</u> did not expand AEDPA's restriction on holding federal court evidentiary hearings. If anything, the decision reconfirmed those limits, as it verified that while <u>Martinez</u> may provide a basis to blame post-conviction counsel for failing to raise a claim, it does not provide a basis to overcome counsel's failure to "develop the factual basis of a claim in State court proceedings." <u>Dickens</u>, 740 F.3d at 1321, citing 28 U.S.C. §2254(e)(2). Indeed, the <u>Martinez</u> test for overcoming a procedural default bears little resemblance to §2254(e)'s

restriction on holding a federal court evidentiary hearing. Martinez concerns a multi-part test that combines the cause and prejudice requirements of Coleman v. Thompson, 501 U.S. 722 (1991) with the ineffectiveness and prejudice requirements of Strickland. Aside from that rubric, and absent certain exceptions, AEDPA bars a federal court from holding an evidentiary hearing on a habeas petition if the "applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. §2254(e)(2).

Bejarano's federal court evidentiary hearing is not barred because of any procedural default. Rather, it is barred because he received a state court evidentiary hearing on the broad topic of counsel's effectiveness during the penalty phase proceedings. During that proceeding, Bejarano's counsel failed to develop the evidence on which he now relies – evidence that Bejarano admits was available during that proceeding. Under Dickens, which itself is based on longstanding Supreme Court authority, Bejarano is "stuck" with counsel's failure to develop that evidence because an attorney's "fault" under §2254(e) is attributed to the petitioner. Dickens, 740 F.3d at 1321, (citing Williams v. Taylor, 529 U.S. 420, 437-40 (2000)).

Thus, while Martinez provides a means to blame post-conviction counsel for claims that later are found procedurally defaulted in federal court, it provides no mechanism to blame post-conviction counsel for a "failure to develop" a claim as that phrase is used in §2254(e). The Supreme Court took great lengths to fence-in the holding in Martinez and limit its application to overcoming procedural defaults involving claims of ineffective assistance of trial counsel. While the Ninth Circuit moved the fence posts somewhat with Nguyen, even that case was limited to overcoming procedural defaults involving ineffective assistance of appellate counsel. Circuit authority does not support using Martinez to overcome a failure to develop a claim under §2254(e), particularly where there is no attendant procedural default imposed by the district court.

To that end, several courts have rejected the notion that Martinez has any impact on §2254(e)'s limitations on evidentiary hearings. In Halvorsen v. Parker, 2012 WL 5866595 (E.D.Ky. 2012), a district court was asked to apply Martinez as "cause to excuse a failure to

diligently pursue the evidence in state court" in pursuit of a claim.  Citing Williams and §2254(e), the district court found that the petitioner's argument to expand Martinez "ignores clear Supreme Court precedent" and would be "entirely inconsistent" with those authorities. Id. at 4.  Another court found that Martinez could not be used to overcome §2254(e) based on "inadequacy of counsel."  See Hill v. Anderson, 2012 WL 2826973 (N.D. Ohio 2012).  As that court astutely noted, "Martinez does not stand for the proposition that if a habeas petitioner's post-conviction counsel was ineffective, that somehow nullifies the proceedings at issue, excuses any failure to meet AEDPA's requirements, or creates an independent constitutional claim in habeas."  Id.; see also Rodriguez v. Padula, 2014 WL 1912345 (D.S.C. 2014) (Denying similar request and denying certificate of appealability because "Martinez does not directly provide authority for a petitioner to expand the record in order to further develop facts that could have been presented in the state court proceedings") (citing Fielder v. Stevenson, 2013 WL 593657 (D.S.C. 2013) (order granting Motion to Strike Affidavit; certificate of appealability denied)).

Procedural defaults are governed by Coleman and the effectiveness of state court post-conviction counsel is, per Martinez, a relevant inquiry into potentially overcoming any such default.  Federal court evidentiary hearings are governed by 28 U.S.C. §2254(e), and the effectiveness of state court post-conviction counsel is, per Williams, not a relevant point of inquiry in overcoming §2254(e)'s limitations.  These significant differences explain why courts have declined to expand Martinez beyond the realm of procedural default and why there is no basis to do so in Bejarano's case.

**3. Even if Bejarano's failure to develop evidence in state court could give rise to Martinez relief, the facts would not justify it in this case.**

It is near impossible to shoehorn the Martinez analysis into the §2254(e) "failure to develop" analysis because post-conviction counsel's ineffectiveness is irrelevant to the latter inquiry.  Still, if this Court were to try, it should still conclude Bejarano is not entitled to any relief, because the state court already found first post-conviction counsel was not ineffective in his development of the claims.  Exhibit P, p. 4 and/or EOR 136.  This Court essentially

1  found the same, as it concluded the failure to present the proffered mitigating evidence did
2  not violate Strickland.  ECF No. 162, p. 27.  Even if this Court went back to apply Martinez to
3  the penalty phase claim, this Court would simply be performing the same analysis it already
4  performed and would necessarily reach the same result.

     **4.  Consideration of new evidence in support of claims pertaining to personality disorders and low intelligence is barred by <u>Cullen v. Pinholster</u>.**

7       In addition to the cases noted in the order of limited remand, one other key Supreme
8  Court case has been decided since the time this Court heard this matter on the merits in
9  2010.  In Cullen v. Pinholster, 131 S.Ct. 1388, 1399 (2011), the Supreme Court held that
10 review of state court claims that were decided "on the merits" is limited to the record that was
11 before the state court at that time.  Specifically, the petitioner in Pinholster sought to introduce
12 in a federal court evidentiary hearing certain facts that were not presented to the state court,
13 which had (arguably twice) issued rulings on the merits of the petitioner's claims.  Finding this
14 to be error, the Supreme Court held that "[I]f a claim has been adjudicated on the merits by a
15 state court, a federal habeas petitioner must overcome the limitation of §2254(d)(1) on the
16 record that was before the state court."  Id. at 1400.  If a claim was not adjudicated on the
17 merits, "§2254(e)(2) still restricts the discretion of federal habeas courts to consider new
18 evidence when deciding claims that were not adjudicated on the merits in state court."  Id. at
19 1401.  See also Id. at 1412, (J. Alito, concurring) ("[p]ermitting a petitioner to obtain federal
20 habeas relief on the basis of evidence that could have been but was not offered in state court
21 would upset this scheme").

22      There are two relevant points of inquiry to the instant case.  First, it is respectfully
23 suggests the Nevada Supreme Court's rejection of Bejarano's claims regarding penalty phase
24 counsel's failure to present claims involving "personality disorders and a low intelligence" was
25 a denial of those claims on the merits.  See Exhibit K, p. 3 and/or EOR 139.  Those two broad
26 topics encompass much of the ultimate evidence Bejarano sought to proffer in the instant
27 action.  Moreover, where those claims were considered and rejected by the Nevada Supreme
28 Court, Pinholster unequivocally limits federal court review of those claims to the evidence

which was before the state court at the time of the decision, (i.e. the actual evidence presented in mitigation and any evidence presented at the state court evidentiary hearing).

On past occasions, Bejarano has attempted to suggest the decision under review in this matter is the Nevada Supreme Court's second post-conviction decision, in which it upheld the application of procedural bars to Bejarano's second post-conviction petition. See Exhibit X and/or EOR 121. That argument ignores the plain language of Pinholster, which specifically addressed a situation where a petitioner filed serial petitions in state court. Allowing a petitioner to thwart the deferential review required under AEDPA by filing serial state petitions until one becomes barred under state law would significantly undermine the entire purpose of AEDPA. The better result, and the one adopted by the Supreme Court in Pinholster, is that when there is a merits ruling on a claim, it is of no consequence that the petitioner filed multiple requests for relief with the state court; review is limited to the decision that was "on the merits." Applying this to the instant case, review could not include all of Bejarano's newly proffered evidence because it was not before the Nevada Supreme Court during his first post-conviction hearing. Therefore, this Court correctly denied the penalty phase claim and correctly denied an evidentiary hearing.

The second point of concern with Pinholster involves the general discussion of §2254(e). That is, even if consideration was limited to Bejarano's second state post-conviction petition, Pinholster still suggests Bejarano was not entitled to an evidentiary hearing. Though the penalty phase claim presented in the proceeding was not denied on the merits, Pinholster still states that federal evidentiary hearings should be "rare" and not held "unless the new evidence that the petitioner seeks to introduce was not and could not have been offered in the state court proceeding." Id. at 1411 (J. Alito, concurring).

Here, because Bejarano has already admitted that any evidence he proffers was available at the time of his state court evidentiary hearing, Pinholster supports this Court's finding that an evidentiary hearing cannot be granted under these circumstances. Absent such a hearing, Bejarano's new evidence could not be considered in conjunction with his claims and this Court properly denied the penalty phase claims.

## III.

## CONCLUSION

For the foregoing reasons, this Court's previous orders are not affected by the issues raised in the limited order of remand and the Ninth Circuit Court of Appeals should be so advised by any further order of this Court.

DATED this 17th day of February, 2015.

                                          ADAM PAUL LAXALT
                                          Attorney General

                                          By:   /s/ Jamie J. Resch
                                                      JAMIE J. RESCH
                                                        Senior Deputy Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **RESPONSE TO ORDER GRANTING LIMITED REMAND** with the Clerk of the Court by using the CM/ECF system on the 17th day of February, 2015.

The following participants in this case are registered CM/ECF users and will be served by the CM/ECF system:

David Anthony, Esq.
Federal Public Defender
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101

      /s/  J. Ross
An employee of the Office of the Attorney General

**Attorney General's Office**
555 E. Washington, Suite 3900
Las Vegas, NV 89101