UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN BEJARANO, | ) | |
| Petitioner, | ) | 2:98-CV-1016-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

Petitioner Bejarano has filed a motion for clarification and reconsideration with respect to this court's order of July 2, 2015 (ECF No. 185), which addressed the limited remand issued by the United States Court of Appeals for the Ninth Circuit on December 1, 2014 (ECF No. 176). ECF No. 186. That remand directed this court to decide two specific issues: (1) whether intervening law warrants reconsideration of petitioner's appellate ineffective assistance of counsel (IAC) claims and (2) whether intervening law warrants reconsideration of Claim 2(A) (IAC at sentencing). ECF No. 176. This court determined that reconsideration was not warranted in either case. ECF No. 185.

With his motion for clarification and reconsideration, Bejarano continues to argue that the "exception" in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), entitles him to additional factual development with respect to Claim 2(A). In relation to that argument, he contends this court's prior decisions are erroneous and/or unclear in several respects. As for reconsideration of his appellate

IAC claims, he faults this court for failing to address the impact of his pre-AEDPA federal habeas litigation on the timeliness of those claims. Having considered the points and authorities in support of Bejarano's motion, the court finds and concludes as follows.

### 1. Claim 2(A)

In its order of March 15, 2010, this court denied Bejarano's motion for an evidentiary hearing with respect to Claim 2(A). ECF No. 157. Relying on *Williams v. Taylor*, 529 U.S. 420 (2000), this court concluded that 28 U.S.C. § 2254(e)(2) precluded factual development in support of Claim 2(A) because Bejarano's failure to develop the facts in state court was due to his own lack of diligence. *See Williams*, 529 U.S. at 432 (holding § 2254(e)(2) is triggered if the failure to develop a claim's factual basis in state court is due to a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel").

To the extent there is ambiguity on the point, this court now clarifies that it was Bejarano's failure to develop the facts in his *first* state post-conviction proceeding that was fatal to his attempt to develop them in this federal proceeding. This excerpt from the March 15, 2010, order summarizes the court's rationale:

> Based on the foregoing, the cases cited by Bejarano are unavailing in his effort to show that he exercised sufficient diligence in state court to avoid the restrictions imposed by 28 U.S.C. § 2254(e)(2). By Bejarano's own admission, the information necessary to factually develop the relevant claims was available at the time of his first post conviction proceeding. Docket #106, pp. 30, 47, 88. Because he waited until his second post conviction proceeding to factually develop those claims, he was unable to present the evidence at issue "in the manner prescribed by state law." *Williams*, 529 U.S. at 437. As such, he "contribut[ed] to the absence of a full and fair adjudication in state court," thereby subjecting himself to the "stringent requirements" of § 2254(e)(2) in seeking to develop the claims in this court. *Id*.

ECF No. 157, p. 9.

This court stands by this ruling and for the reasons stated in the March 15, 2010, order rejects Bejarano's argument that the diligence inquiry must focus on the proceeding in which the claim at issue was presented – in this case, Bejarano's second state post-conviction proceeding.

1    As the court recognized in its July 2, 2015, order addressing the limited remand, § 2254(e)(2)
2 does not apply to a federal court's decision to hold an evidentiary hearing in relation to a habeas
3 petitioner's effort to show cause under *Martinez*.  ECF No. 185, p. 11.  Here, however, Claim 2(A) is
4 not procedurally defaulted for the purposes of federal review.  So, Bejarano does not need *Martinez*
5 to establish cause to excuse a procedural default.  Instead, he is attempting to rely on *Martinez* as a
6 means to excuse lack of diligence for the purpose of bypassing § 2254(e)(2)'s obstacles to holding a
7 hearing on the merits of Claim 2(A).  Whether *Martinez* is available for this purpose is an issue yet
8 to be directly addressed or resolved by the Supreme Court or the Ninth Circuit.

9    In the July 2, 2015, order, this court concluded that § 2254(e) applied to bar factual
10 development of Claim 2(A) in this court notwithstanding *Martinez*.  ECF No. 185, p. 11.  Bejarano
11 points out that the case cited by the court to support this conclusion, *Pirtle v. Morgan*, 313 F.3d
12 1160. 1197-68 (9th Cir. 2002), predates *Martinez* and addressed the application of subsection (1) of §
13 2254(e), not subsection (2).  Even so, Bejarano has not convinced this court that *Martinez* serves to
14 render § 2254(e)(2) inapplicable when a petitioner can show that post-conviction counsel was
15 ineffective in developing facts in state court.

16    The Court in *Cullen v. Pinholster*, 563 U.S. 170 (2011), pointed out that "§ 2254(e)(2) still
17 restricts the discretion of federal habeas courts to consider new evidence when deciding claims that
18 were not adjudicated on the merits in state court." *Pinholster*, 563 U.S. at 186.  And, the Court in
19 *Williams* held that an attorney's lack of diligence is attributable to the client when examining
20 whether a petitioner failed to develop the factual basis for a claim in state court for the purposes of §
21 2254(e)(2). *Williams*, 529 U.S. at 432.  In light of this clear Supreme Court precedent, this court is
22 not inclined to interject *Martinez* into the § 2245(e)(2) analysis in the absence of persuasive authority
23 that it is permitted to do so.

24    This court's order of July 2, 2015, together with the foregoing, adequately addresses the
25 second question posed by the Ninth Circuit's limited remand.  This court declines to change its
26 determination that intervening law does not warrant reconsideration Claim 2(A).  Bejarano's

recourse with respect to this issue now lies with the court of appeals.

### 2. Appellate IAC claims

In his initial briefing in relation to the limited remand order, Bejarano argued that none of his appellate IAC claims are time-barred because his prior federal habeas litigation in 1992 placed the State on notice of his factual and legal allegations. Bejarano correctly points out that this court did not address this argument in its July 2, 2015, order. In response, the court notes that the argument is not directly pertinent to the issue identified the limited remand order. In any case, the court now finds the argument without merit.

Bejarano advances two theories. First, he contends that this court's 1992 dismissal order of his then-pending federal petition (Case No. CV-S-91-574-PMP-LRL) was, in effect, a stay order, which means that the AEDPA statute of limitations does not apply to this proceeding. This argument should have been raised back in March 2008, when Bejarano filed his opposition to respondents' motion to dismiss on timeliness grounds. ECF No. 122. Nonetheless, even now, Bejarano points to no Ninth Circuit case to support his position, and the prevailing authority in other circuits appears to weigh against it. *See Mancuso v. Herbert*, 166 F.3d 97, 101 (2nd Cir.) ("We conclude that the AEDPA applies to a habeas petition filed after AEDPA's effective date, regardless of when the petitioner filed his or her initial petition and regardless of the grounds for dismissal of such earlier petition."), *cert. denied*, 527 U.S. 1026 (1999); *Graham v. Johnson*, 168 F.3d 762, 775–90 (5th Cir. 1999); *see also In re Vial*, 115 F.3d 1192, 1198 n. 13 (4th Cir.1997) (en banc) (similar holding in case involving 28 U.S.C. § 2255); *Roldan v. United States*, 96 F.3d 1013, 1014 (7th Cir.1996) (same).

Alternatively, Bejarano contends that the copy of his second state habeas petition that he filed in CV-S-91-574-PMP-LRL in January 1993, pursuant to this court's dismissal order, placed the State on notice of his appellate IAC claims. Even allowing for relation back to that petition, however, the result of this court's July 2, 2015, order is the same.

In July 2, 2015, order, the court concluded that Claim Five(A) and a portion of Claim Five(C)

did not relate back to Bejarano's timely-filed petition even when considered under the more liberal standard employed in *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). The court further concluded that Claim Five(B) and part of Claim Five(C) arguably relate back under *Nguyen*, but that, even if they do, they fail on the merits. Incorporating the January 1993 state habeas petition into the relation back analysis does not change these determinations.

The 1993 state habeas petition makes a brief reference on page 231 to a conflict of interest but does not contain the core of operative facts that support Claim Five(A). Likewise, Bejarano has not satisfied this court that the core of operative facts underlying the remaining portions of Claim 5(C) (i.e., the portion of the claim that was not analyzed on the merits in the July 2, 2015, order) are included in any claim in the 1993 state habeas petition.[1] Thus, the court also stands by its ruling with respect to Bejarano's appellate ineffective assistance of counsel claims

Bejarano's motion for clarification and reconsideration (ECF No. 186) is granted only to the extent that the foregoing clarifies this court's order of July 2, 2015. The motion is otherwise denied.

IT IS SO ORDERED.

DATED: March 22, 2016

_____
UNITED STATES DISTRICT JUDGE

---

[1] In particular, the court has reviewed the references to the 1993 petition contained in Bejarano's initial brief in relation to the limited remand order. ECF No. 181, p. 46. The facts contained in the designated excerpts are of a different "time and type" than the facts underlying the relevant portions of Claim Five(C). *See Nguyen*, 736 F.3d at 1297.