# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BEJARANO, | Case No.: 2:98-cv-01016-GMN-NJK |
| Petitioner | **ORDER** |
| v. | |
| WILLIAM GITTERE,[1] et al., | |
| Respondents | |

Petitioner Bejarano is a Nevada prisoner sentenced to death. On September 2, 2010, this court entered a final judgment denying Bejarano's petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 163. Bejarano's appeal of that judgment remains pending before the Ninth Circuit. Now before the court is Bejarano's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 199. Bejarano argues that this court's dismissal of several of his habeas claims on timeliness grounds should be revisited in light of the Ninth Circuit's intervening decision in *Williams v. Filson*, 908 F.3d 546 (9th Cir. 2018). For reasons that follow, the motion is denied.

---

[1] William Gittere is automatically substituted for Timothy Filson as the Warden of Ely State Prison. Aaron Ford is automatically substituted for Adam Paul Laxalt as the Attorney General for the State of Nevada. FED. R. CIV. P. 25(d).

As an initial matter, this court is without jurisdiction to rule upon a motion seeking relief from judgment while Bejarano's case is on appeal to the Ninth Circuit. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (concluding that district court lacked jurisdiction over petitioner's Rule 60(b) motion filed subsequent to notice of appeal). Even so, a party may "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion. If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion." *Sierra Pacific Industries v. Lyng*, 866 F.2d 1099, 1113 n. 21 (9th Cir. 1989); *see also*, *Gould v. Mutual Life Insurance Co.*, 790 F.2d 769, 772 (9th Cir. 1986).

This practice has been adopted by the Federal Rules of Civil Procedure. Rule 62.1(a) states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The third option is often referred to as an "indicative ruling." *See* Fed. Ct. App. Manual § 15:12.5 (5th ed.). With this in mind, the court will address Bejarano's motion for relief under Rule 60(b) despite lacking jurisdiction to rule upon it.

In *Williams*, the petitioner filed his initial petition within the one-year statutory period imposed by AEDPA[2] (28 U.S.C. § 2244(d)) but filed his amended habeas petition raising new claims over a year beyond the end of the period. *Id*. at 557. While added claims that "relate back" to the initial petition under Fed. R. Civ. P. 15(c) may be considered timely, the *Williams* court opted not to address relation-back because it concluded that petitioner was entitled to

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996.

equitable tolling for the period between the statutory deadline (August 29, 1998) and the date he filed his amended petition (September 17, 1999). *Id*. at 558. In particular, the court granted equitable tolling based on petitioner's reasonable reliance, during the relevant time period, on the unsettled state of the law applying "relation back" in the federal habeas context. *Id*. at 559-60.

The court found petitioner's reliance was "eminently reasonable" because (1) as of August 1998 (i.e., the AEDPA deadline) petitioner's counsel "had no reason to suspect that Rule 15(c) would pose an obstacle to consideration of newly added claims in an amended petition" and (2) the federal district court and the State also assumed any newly added claims would relate back. *Id*. at 560-61. With respect to the former, the court cited to the Ninth Circuit's broad construction of the relation-back standard that prevailed at the time. *Id*. at 560. As for the district court, the court noted "the series of scheduling orders" that permitted petitioner additional time to file his amended petition. *Id*.[3] The court also noted that "the State waited *eight years* after receiving the amended petition before moving to dismiss any of the claims on the ground that they did not relate back to the original petition under Rule 15(c)." *Id*. at 561 (emphasis in the original). The court summarized by stating that "it was not until the Supreme Court decided *Mayle* [*v. Felix*, 545 U.S. 644 (2005),] that anyone involved in this case suggested that the newly added claims might not relate back and could therefore be deemed untimely." *Id*.

The circumstances for Bejarano are distinguishable. First, the State filed its motion to dismiss Bejarano's untimely claims (ECF No. 114) eight months, rather than eight years, after receiving the relevant amended petition (ECF No. 106). Second, the relevant amended petition in *Williams* was filed in 1999, several years *before* the *Mayle* decision in June 2005. Bejarano's

---

[3] These orders were entered in accordance with the "George Memo," which established standardized procedures for adjudicating federal capital cases in Nevada. *Id*. at 556.

3

untimely claims were added to his petition in May 2007. No plausible reading of *Williams* would suggest that "reasonable reliance on the unsettled state of the law" can continue to serve as grounds for equitable tolling for any period beyond the date on which the legal issue has been squarely resolved. *See Williams*, 908 F.3d at 560 (citing to *Lawrence v. Florida*, 549 U.S. 327, 336, (2007), which held petitioner was not entitled to equitable tolling "where every circuit to address an issue … had resolved the issue adversely to him"). Accordingly, even if Bejarano were to be granted equitable tolling until the date of the decision in *Mayle*, his amended claims were still filed nearly a year late. *Cf. Grant v. Swarthout*, 862 F.3d 914, 919 (9th Cir. 2017) (confirming that a petitioner granted equitable tolling is "entitled to use the full one-year statute-of-limitations period" excluding the period during which exceptional circumstances prevented timely filing).

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment under Rule 60(b) (ECF No. 199) is DENIED. Beyond the court's lack of jurisdiction to grant relief, the court concludes that the motion otherwise fails to establish grounds for relief from judgment or raise a substantial issue sufficient to warrant remand.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

**IT IS FURTHER ORDERED** that the Clerk shall add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents, and electronically serve a copy of this order upon the respondents.

Dated: January 23, 2020

_____
U.S. District Gloria M. Navarro